## Corder et uxor *versus* Mays.

A confession of an award before a board of arbitrators with a right to appeal therefrom within thirty days, and without any judgment entered thereon will not support an execution.

ERROR to the Court of Common Pleas of *Blair County.*

The facts are sufficiently stated in the opinion of the court delivered July 25, 1861, by

LOWRIE, J.—Under a rule for a compulsory arbitration, the defendant's counsel *confessed an award* in favor of the plaintiff, subject to an appeal within thirty days, and without any judgment entered thereon the plaintiff issued execution. We know of no statute or customary law or common practice that sanctions such a form of proceeding. There may be such a practice in Blair County, or with the lawyers concerned in this cause, but their peculiarities do not make law. The arbitration law makes a true award a judgment in such a case if not appealed from in twenty days; but we know of no law for treating a confession as amounting to a judgment. And we would not now, in the face of the affidavits of the defendant and considering the loose way in which the liability of the wife of defendant is set forth in the plaintiff's statement, think of curing the error by entering the judgment here.

The confession of award and the execution issued thereon set aside and a procedendo awarded.